**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| In re:<br><br>     MUBARAK H. IBRAHIM,<br><br>                              Debtor. | Chapter 7<br><br>BK No. 23-07031<br><br>Hon. Jacqueline P. Cox |
| GUS PALOIAN, not personally but solely in his capacity as the duly appointed chapter 7 trustee for the estate of MUBARAK H. IBRAHIM,<br><br>                              Plaintiff,<br><br>v.<br><br>SAWSAN HOMSI, BADR ALI, PETROLEUM INVESTMENT PROPERTIES, LLC, CALUMET FUEL, INC., NASR ALI, CALUMET PARK MOBILE, LLC, AHMAD ZAHDAN, AJ 119TH, INC., and AJOMON JOY,<br><br>                              Defendants. | Adv. No. 25-00168<br><br>Hon. Jacqueline P. Cox |

**NOTICE OF APPEAL**

**Part 1: Identify the appellant(s)**

1. Name of appellants:
   Nasr Ali, Petroleum Investment Properties, LLC, and Calumet Fuel, Inc.

2. Position of appellant(s) in the adversary proceeding or bankruptcy case that is the subject of this appeal:
   Defendants.

**Part 2: Identify the subject of this appeal**

1. Describe the judgment—or the appealable order or decree—from which the appeal is taken:
   Order denominated a Temporary Restraining Order but operating in substance as a preliminary injunction (the "Order").

3. State the date on which the judgment—or the appealable order or decree was entered:
   March 24, 2026 (Dkt. 117)

1

**Part 3: Identify the other parties to the appeal**

Gus Paloian, not individually or personally, but solely in his capacity as the Chapter 7 Trustee of Debtor Mubarak Ibrahim's Estate
*Plaintiff*

Jonathan M Cyrluk
Steve C Moeller
**Carpenter Lipps LLP**
180 N. LaSalle St., Suite 2105
Chicago, IL 60601
cyrluk@carpenterlipps.com
moeller@carpenterlipps.com

Calumet Park Mobil, LLC and Ahmad Zahdan
*Defendants*

Matthew Luzadder
Alla Taher
**Kelley Drye & Warren LLP**
333 W. Wacker Dr., Suite 2600
Chicago, IL 60606
mluzadder@kelleydrye.com
ataher@kelleydrye.com

AJ 119th, Inc. and Ajomon Joy
*Defendants*

Derek D Samz
Matthew M Showel
**Golan Christie Taglia LLP**
70 W. Madison St., Suite 1500
Chicago, IL 60602
ddsamz@gct.law
mmshowel@gct.law

Badr Ali
*Defendant*

Stephen Scallan
**Law Offices of Scallan, P.C.**
53 W. Jackson Blvd., Suite 560
Chicago, IL 60604
stevescallan@scallanpc.com

Sawsan Homsi
9401 Odell Avenue
Bridgeview, IL 60455
*Defendant*

**Part 4: Optional election to have appeal heard by District Court (applicable only in certain districts)**
Not applicable.

Dated: April 6, 2026.

Nasr Ali, Petroleum Investment Properties, LLC, and Calumet Fuel, Inc.

By: /s/  Kurt M. Carlson
        One of their attorneys

2

Kurt M. Carlson ARDC No. 6236568
Mona Naser ARDC No. 6278114
**CARLSON DASH, LLC**
216 S. Jefferson St., Suite 303
Chicago, Illinois 60661
Telephone: 312-382-1600
E-mail: kcarlson@carlsondash.com
E-mail: mnaser@carlsondash.com

## CERTIFICATE OF SERVICE

I, Kurt M. Carlson, hereby certify that on **April 6, 2026**, I caused the foregoing document to be served upon all parties listed below via the Court's CM/ECF system, by first-class mail, by placing a copy of same in a postage prepaid envelope and depositing same in the U.S. Mail, and/or by electronic mail, addressed as follows:

Jonathan M Cyrluk
**Carpenter Lipps LLP**
180 N. LaSalle St., Suite 2105
Chicago, IL 60601
cyrluk@carpenterlipps.com

Steve C Moeller
**Carpenter Lipps LLP**
180 N. LaSalle St., Suite 2105
Chicago, IL 60601
moeller@carpenterlipps.com

Derek D Samz
**Golan Christie Taglia LLP**
70 W. Madison St., Suite 1500
Chicago, IL 60602
ddsamz@gct.law

Matthew M Showel
**Golan Christie Taglia LLP**
70 W. Madison St., Suite 1500
Chicago, IL 60602
mmshowel@gct.law

Matthew Luzadder
**Kelley Drye & Warren LLP**
333 W. Wacker Dr., Suite 2600
Chicago, IL 60606
mluzadder@kelleydrye.com

Alla Taher
**Kelley Drye & Warren LLP**
333 W. Wacker Dr., Suite 2600
Chicago, IL 60606
ataher@kelleydrye.com

Stephen Scallan
**Law Offices of Scallan, P.C.**
53 W. Jackson Blvd., Suite 560
Chicago, IL 606040
stevescallan@scallanpc.com

Sawsan Homsi
9401 Odell Avenue
Bridgeview, IL 60455
*VIA U.S. MAIL ONLY*

/s/ Kurt M. Carlson

3

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
Eastern Division

| | | |
|---|---|---|
| In Re: <br> MUBARAK H. IBRAHIM | | ) BK No.:   23-07031 <br> ) <br> ) Chapter: 7 <br> ) Honorable Jacqueline P Cox <br> ) |
| | Debtor(s) | ) <br> ) Adv. No.: 25-00168 <br> ) |
| PALOIAN, et al., | | |
| | Plaintiff(s) | ) <br> ) |
| HOMSI, et al. | | ) <br> ) <br> ) |
| | Defendant(s) | ) |

## TEMPORARY RESTRAINING ORDER

This matter coming to be heard on the Chapter 7 Trustee's Motion for Temporary Restraining Order and Preliminary Injunction (Dkt. 72) and the Chapter 7 Trustee's Motion for Entry of an Order (A) Authorizing Expedited Discovery in Connection with His Motion for Temporary Restraining Order and Preliminary Injunction and (B) Extending the Time to Replead Count I of the Complaint Against Badr Ali (Dkt. 85), the parties being heard, and the Court being advised in the premises, it is hereby ordered that:

1.      On March 12, 2026, the Court GRANTED the Trustee's request for a temporary restraining order ("TRO"). The TRO will expire at midnight on March 31, 2026 unless the Court enters an order extending it under Federal Rule of Civil Procedure 65, made applicable by Federal Rule of Bankruptcy Procedure 7065.

2.      The principal issue disputed by the Trustee and Defendants Nasr Ali, Petroleum Investment Properties, LLC ("PIP"), and Calumet Fuel, Inc. (collectively, "Respondents") is whether the Court has the authority to restrain the dissipation of the assets at issue under Grupo Mexicano de Desarrollo S.A. v. Alliance Bond Fund, Inc., 527 U.S. 308 (1999). The Court finds that it does. The general prohibition on asset-freeze injunctions in claims for money damages where no lien or equitable interest is asserted does not apply here. The Debtor stands in the shoes of a judgment creditor. See Grupo Mexicano, 527 U.S. at 319-23 (remedies available in pre-revolutionary creditor's bill are available under Rule 65). Moreover, Grupo Mexicano does not apply where the party seeking an injunction asserts an equitable claim and does not apply to bankruptcy cases. In re Owens Corning, 419 F.3d 195, 208 n.14 (3d Cir. 2005) (does not apply to bankruptcy cases) In re Focus Media, 387 F.3d 1077, 1084-85 (9th Cir. 2004) (does not apply to either category); CSC Holdings, Inc. v. Redisi, 309 F.3d 988, 996 (7th Cir. 2002) (does not apply to equitable claims); EHT US1, Inc., Nos. 21-10036 & 21-50476, 2021 WL 3828556, *1 (D. Del. Aug. 27, 2021) (does not apply to fraudulent transfer actions in bankruptcy). Here, in addition to the fact that this is a bankruptcy case, the Trustee is pursuing equitable relief in his fraudulent transfer claims and is pursuing relief on alter ego theories, and alter ego is an equitable theory of relief. Finally, in In re Caesars Entertainment Operating Co., Inc., 808 F.3d 1186, 1188-89

(7th Cir. 2015) (Posner, J.), the Seventh Circuit held that 11 U.S.C. § 105(a) gives a bankruptcy court broad authority to preserve estate assets and effectuate a successful resolution of the bankruptcy in which assets are available for the creditors. Here, the evidence has shown that the funds at issue are a significant source of the potential recovery for the creditors.

3.      The Court finds that the Trustee has demonstrated a probability of success on the merits of his claims against Respondents and that it is necessary to issue the TRO to prevent dissipation of proceeds from the sale of sale of 11900 Marshfield Avenue to Defendant Calumet Park Mobil, LLC ("CPM"). The Court further finds that the balance of harms favors the Trustee and the estate and that the public interest weighs in favor of a TRO.

The court notes that it is alleged that the operating company transfer to Defendant Homsi, the Debtor's wife, for no consideration occurred close in time, November of 2019, to the litigation involving the Spyropoulos Trust which ended in a judgment in December of 2019. Adversary Proceeding 25-00168, Adversary Complaint ("A.C."), Docket 1, paragraph 61.

It is alleged that soon thereafter Homsi transferred a large percentage of the shares of the operating company to Badr Ali for $60,000 to be paid over two years as wages. A.C., paragraph 71.

The court also notes that it is alleged that in December of 2021 the the operating company agreed to sell 100% of its shares to Defendant Calumet Fuel for $400,000, a sum alleged to be less than the annual profit generated by the gaming operation. A.C., paragraphs 84-85.

The court also notes that it is alleged that in 2021 the Debtor decided to sell the property holding company to an entity controlled by Nasr Ali, who allegedly obtained an initial 35% interest in it for no consideration. A.C., paragraphs 41-43.

It is alleged that the real esate was appraised to be worth $9,600,000. A.C., paragraph 98. It was sold, allegedly, for $5.5 million. A.C., paragraph 100.

The Trustee also alleges that the Debtor signed a document in connection with a transaction even though he no longer owned the asset. A.C., paragraph 103.

4.      Respondents and Defendants Ahmad Zahdan and Calumet Park Mobil, LLC ("CPM" and, collectively with Zahdan, "Payors") shall reach an agreement with the Trustee as to an escrow agent for the funds subject to this order. The escrow agent may open as many separate accounts as the parties direct or, failing agreement, as the escrow agent deems necessary and reasonable, to hold the funds subject to this order.

5.      Respondents and Payors are directed to do the following:

a.      CPM (or any designee) is directed to make all future payments under the purchase-money mortgage dated February 15, 2025 (the "Mortgage") and associated loan agreement into an account with the agreed escrow agent as they become due, and not to pay any amounts to PIP under the Mortgage to Defendant PIP. CPM will receive credit for the payments.

b.      Respondents shall freeze and provide an accounting of the $1,410,758.58 PIP and Calumet Fuel netted in the sale of 11900 Marshfield Avenue to CPM.

c.      Respondents shall freeze and provide an accounting of the $1,500,235.20 already paid

by CPM and/or AZ SPE LLC under the Mortgage.

6.      This matter is set for status, including any extension of the TRO, discovery to be taken in connection with any preliminary injunction, and a preliminary injunction, on March 31, 2026 at 2:00 PM.

7.      Pursuant to Federal Rule of Bankruptcy Procedure 7065, the Court is not requiring the Trustee to post a bond to secure this TRO.

8.      All other matters raised in Dkt. 85 will be addressed by separate order.

Enter:      *Jacqueline P. Cox*

Honorable Jacqueline P. Cox

Dated:  March 24, 2026        United States Bankruptcy Judge

**Prepared by:**

Steven C. Moeller
Carpenter Lipps LLP
180 N. LaSalle St., Suite 2880
Chicago, IL 60601
312-777-4826
moeller@carpenterlipps.com