**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| NASR ALI, PETROLEUM INVESTMENT PROPERTIES LLC, and CALUMET FUEL INC., | Case No. 26-cv-03821 |
| Appellants/Movants, | Hon. Judge Sunil R. Harjani |
| v. | |
| GUS A. PALOIAN, not individually but as Chapter 7 Trustee of the Estate of Mubarak Ibrahim, | Bankr. Case No. 23-07031 |
| | Adv. Pro. No. 25-00168 |
| Appellee/Respondent. | |

**BENCH MEMORANDUM ON STATUS OF APPELLANTS' APPEAL OF THE
BANKRUPTCY COURT'S TEMPORARY RESTRAINING ORDER**

Pursuant to the Court's April 29, 2026 Order (Dkt. 9), Appellants, Nasr Ali, Petroleum Investment Properties, LLC ("PIP"), and Calumet Fuel, Inc. (individually "Calumet Fuel" and collectively with Nasr Ali and PIP as the "Ali Defendants") submit this status report. The Court's Order asked the parties to report on "the status of the proceedings before the bankruptcy court." The Order also expressed some concern about whether the Appellant was seeking an appeal of a TRO, which is not usually appealable. The status of proceedings and the answer to the question on the TRO is as follows:

**I. ALI DEFENDANTS' POSITION ON STATUS**

1. On April 8, 2026, this Court entered into a briefing schedule based on the oral report of the Ali Defendants as to why the TRO warrants interlocutory review.

2. The basis for the request is that the order, while titled a TRO, it has all of the characteristics of a Preliminary Injunction.

3. A temporary restraining order that is entered after an adversarial hearing, as here, that restrains a party for longer than 14 days, as here, and that affects substantive rights is, by operation of law, a preliminary injunction subject to interlocutory appeal under 28 U.S.C. § 158(a).

1

*Geneva Assurance Syndicate, Inc. v. Medical Emergency Services Associates, S.C.*, 964 F.2d 599, 600 (7th Cir. 1992).

4.      The Bankruptcy Court's Order satisfies every element of that test: it was entered following a contested hearing, it has remained in effect well beyond 14 days, it freezes assets received prior to the commencement of the bankruptcy case, and prior to the commencement of the adversary proceeding against a non-debtor, third party, and twice-removed subsequent transferor. It also freezes all streams of mortgage payments to that same non-debtor, third party twice-removed subsequent transferor on a go forward basis as well. .

## A.      The Bankruptcy Court's Order is a Preliminary Injunction

The Seventh Circuit does not look to labels in analyzing whether a TRO is a TRO or is, in effect and function a Preliminary Injunction.  An order styled as a "temporary restraining order" is reviewed as a preliminary injunction when it **functions** as one. *Geneva Assurance*, 964 F.2d at 600; *see also Sampson v. Murray*, 415 U.S. 61, 86–88 (1974) (characterizing a TRO that extends beyond its procedural origins as an appealable injunction). The functional test asks whether the order (a) was entered after notice and a contested hearing, (b) has remained in force beyond 14 days, (c) restrains identified parties, and (d) affects their substantive rights.

Each factor is satisfied here:

| Factor | Finding | Authority |
|---|---|---|
| **Adversarial hearing with notice** | The Bankruptcy Court held a contested hearing at which counsel for both sides appeared, argued, and submitted evidence. This was not an ex parte TRO. | *Fed. R. Civ. P. 65(a); Geneva Assurance, 964 F.2d at 600* |
| **Duration beyond 14 days** | The Order has been in continuous effect since entry—well in excess of the 14-day TRO limit under Rule 65(b)(2). No motion to dissolve has been granted. | *Fed. R. Civ. P. 65(b)(2); Fed. R. Bankr. P. 7065* |
| **Restraint of identified parties** | The Order identifies and restrains the Ali Defendants by name, freezing approximately $4.5 million in both received | *Sampson v. Murray, 415 U.S. at 86–88* |

| | mortgage payments and directing go-forward ongoing payments between two third-parties who took no transferred property from the Debtor into a Trustee-controlled account. | |
|---|---|---|
| **Substantive rights affected** | Non-debtor third parties are deprived of the use of funds, compelled to redirect all previously received and future contractual payment streams, and subjected to ongoing obligations—all hallmarks of injunctive relief, not mere status quo preservation. | *28 U.S.C. § 158(a); In re Caesars Entm't Operating Co., 808 F.3d 1186 (7th Cir. 2015)* |

### B.     Bankruptcy Court Status

The Bankruptcy Court has since scheduled a hearing on the TRO to establish whether or not a Preliminary Injunction should issue; notwithstanding the fact that the TRO already functions as a Preliminary Injunction. And, notwithstanding that no other relief could be granted by a Preliminary Injunction beyond what the TRO already provides.

The Bankruptcy Court has since allowed the Trustee to issue discovery on an expedited basis relative to the TRO hearing. The Trustee has since issued discovery requests that are unlimited in scope and not determinative of liability, but rather leaning heavily toward post-judgment collection activity.

The Orders entered by the Bankruptcy Court explicitly state that the entry of the orders do not in any way waive the Ali Defendants right to pursue the Appeal filed respecting the TRO (which serves as a Preliminary Injunction).

### II.     THE TRUSTEE, AS APPELLEE, STATEMENT ON STATUS

The Appellant provided the Trustee with an advanced copy of this Status and was advised that Trustee's counsel would file its own Status Report.

3

Respectfully submitted,

Nasr Ali, Petroleum Investment Properties, LLC, and Calumet Fuel, Inc., Appellants

By: /s/ Kurt M. Carlson
       One of their attorneys

Kurt M. Carlson ARDC No. 6236568
Mona Naser ARDC No. 6278114
**CARLSON DASH, LLC**
216 S. Jefferson St., Suite 303
Chicago, Illinois 60661
Telephone: 312-382-1600
E-mail: kcarlson@carlsondash.com
E-mail: mnaser@carlsondash.com

4