**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| In re:<br><br> MUBARAK H. IBRAHIM,<br><br> Debtor. | Case No. 26-cv-03821 |
| GUS PALOIAN, not personally but solely in his capacity as the duly appointed chapter 7 trustee for the estate of MUBARAK H. IBRAHIM,<br><br> Plaintiff,<br><br>v.<br><br>SAWSAN HOMSI, BADR ALI, PETROLEUM INVESTMENT PROPERTIES, LLC, CALUMET FUEL, INC., NASR ALI, CALUMET PARK MOBILE, LLC, AHMAD ZAHDAN, AJ 119TH, INC., and AJOMON JOY,<br><br> Defendants. | Hon. Judge Sunil R. Harjani<br><br>Adv. Pro. No. 25-00168 |

**DEFENDANTS' DESIGNATION OF THE RECORD ON APPEAL**
**AND STATEMENT OF ISSUES TO BE DECIDED**

**(Federal Rule of Bankruptcy Procedure 8009(a))**

Defendants Nasr Ali ("Nasr Ali"), Petroleum Investment Properties, LLC ("PIP"), and Calumet Fuel, Inc. ("Calumet Fuel") (collectively, the "Ali Defendants"), by their undersigned counsel, pursuant to Federal Rule of Bankruptcy Procedure 8009(a), submit this Designation of the Record on Appeal and Statement of Issues to Be Decided.

**DESIGNATION OF THE RECORD**

The Ali Defendants designate the following portions of the record in the Bankruptcy Court proceedings (Bankr. Case No. 23-07031; Adv. Pro. No. 25-00168) as relevant to this appeal:

1. The Complaint (Adv. Dkt. 1).

2. The Trustee's Emergency Motion for Temporary Restraining Order and Preliminary Injunction (Adv. Dkt. 85), together with all exhibits and declarations filed in support thereof.

3. The Ali Defendants' Response and Objection to the Trustee's Motion for Temporary Restraining Order (Adv. Dkt. 88), together with all exhibits filed in support thereof.

4. The Ali Defendants' Proposed Form of TRO Order, filed with the Bankruptcy Court.

5. The Trustee's Proposed Form of TRO Order, filed with the Bankruptcy Court.

6. The Order entered March 24, 2026, denominated a Temporary Restraining Order (Adv. Dkt. 117).

7. The transcript of the hearing held on March 10, 2026, at which the Trustee's TRO motion was argued.

8. The transcript of the hearing held on March 24, 2026, at which the Bankruptcy Court entered the Order.

9. The transcript of any subsequent hearing at which the Bankruptcy Court addressed the continuation of the TRO, the preliminary injunction, or the scope of the Order, including but not limited to the hearing at which the Bankruptcy Court presented the Ali Defendants with the option of agreeing to convert the TRO to a preliminary injunction or agreeing to continue the TRO.

10. The Ali Defendants' Motion to Dismiss Count XIV of the Complaint (Adv. Dkt. 34), and the Bankruptcy Court's order denying the same without elaboration.

11. The Ali Defendants' Answer, Affirmative Defenses, and Counterclaims (Adv. Dkt. 122), or the docket reflecting the deadline for filing the same, whichever is applicable.

12. The Ali Defendants' Motion for Protective Order (Adv. Dkt. 102) and all filings related thereto.

13. The Agreed Order extending the TRO and setting the preliminary injunction hearing (Adv. Dkt. 144), including the provision authorizing expedited discovery.

14. The docket sheet for Adversary Proceeding No. 25-00168.

15. Any and all other filings, orders, transcripts, or portions of the record that this Court may deem relevant to the issues on appeal, and the Ali Defendants reserve the right to supplement this designation pursuant to Federal Rule of Bankruptcy Procedure 8009(a)(4).

## STATEMENT OF ISSUES TO BE DECIDED

I. Whether the Order entered March 24, 2026 (Bankr. Dkt. 117)—though denominated a Temporary Restraining Order—is in substance a preliminary injunction appealable as of right under 28 U.S.C. § 158(a)(1), given that the Order provides: a retroactive freeze of

approximately $2.9 million in existing assets, redirection of all future mortgage payments to escrow, and an express judicial finding of probability of success on the merits, leaving nothing additional for a preliminary injunction to impose.

II.    Whether the Bankruptcy Court committed reversible error in entering the Order, given that it:

    (a)    rests exclusively on unverified complaint allegations, with no evidence and no testimony;

    (b)    was entered before any answer or affirmative defenses were filed by the Ali Defendants;

    (c)    contains no findings of fact or conclusions of law as required by Federal Rule of Civil Procedure 52(a), made applicable through Federal Rule of Bankruptcy Procedure 7052;

    (d)    operates retroactively to freeze assets and redirect income streams, which serves as direct evidence of the Order's full and permanent consequences of a preliminary injunction without any of its procedural safeguards; and

    (e)    was entered in the form proposed by the Trustee without addressing or ruling upon the Ali Defendants' competing proposed order, which contained materially different provisions including prospective-only scope, bond requirements, defense preservation, and *de novo* review language.

III.    Whether the Bankruptcy Court, having entered an Order that functions as a preliminary injunction adjudicating the probability of success on the merits of state-law claims against non-debtor defendants who have demanded a jury trial, acted in excess of its constitutional authority under *Stern v. Marshall*, 564 U.S. 462 (2011), and *Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33 (1989).

IV.    Whether, as a consequence of the *Stern* limitation, the Order must be treated as proposed findings of fact and conclusions of law subject to *de novo* review by the District Court under *Executive Benefits Insurance Agency v. Arkison*, 573 U.S. 25 (2014), and whether the Order's entry as a final enforceable injunction, without *de novo* review language and without any findings of fact, requires the Order to be vacated as a matter of law.

V.    Whether the Bankruptcy Court erred in finding a probability of success on the merits without addressing the Ali Defendants' statutory defense under 11 U.S.C. § 550(b)(1), which provides an absolute bar to recovery from a subsequent transferee who took for value, in good faith, and without knowledge of the voidability of the transfer—a defense supported by three independent appraisals ($4,370,000; $5,870,000; $5,535,000), institutional financing from Ameris Bank, and documented arm's-length closings with separate counsel on each side.

VI.     Whether the scope of the Order—freezing approximately $2.9 million in assets of non-debtor entities and redirecting all future mortgage payments—is disproportionate to the Trustee's maximum potential recovery, which under 740 ILCS 160/9(c) is limited to the value of the membership interests transferred at the time of transfer, not the current value of the underlying real estate or business operations, and which under 740 ILCS 160/9(b) is further capped at the lesser of the value of the asset transferred or the amount necessary to satisfy the creditor's claim.

Respectfully submitted,

Nasr Ali, Petroleum Investment Properties, LLC, and Calumet Fuel, Inc.

By: /s/ *Mona Naser*
One of their attorneys

Kurt M. Carlson ARDC No. 6236568
Morgan I. Marcus ARDC No. 6309607
Mona Naser ARDC No. 6278114
CARLSON DASH, LLC
216 S. Jefferson St., Suite 303
Chicago, Illinois 60661
Tel: 312-382-1600
kcarlson@carlsondash.com
mmarcus@carlsondash.com
mnaser@carlsondash.com

## CERTIFICATE OF SERVICE

I, Mona Naser, certify that on April 21, 2026, I caused a copy of the foregoing *Designation of the Record on Appeal and Statement of Issues to Be Decided* to be filed electronically with the Clerk of Court using the CM/ECF system, which will send notification to all counsel of record.


/s/ *Mona Naser*