**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | |
|---|---|
| NASR ALI, et al.,<br><br>                          Appellants,<br><br>          v.<br><br>GUS PALOIAN, not personally but solely in his capacity as the duly appointed chapter 7 trustee for the estate of MUBARAK H. IBRAHIM, et al.,<br><br>                      Respondents. | Case No. 26-cv-3821<br><br>Hon. Sunil R. Harjani |

## RESPONSE TO NASR ALI DEFENDANTS' MOTION FOR LEAVE TO APPEAL INTERLOCUTORY ORDER

The Court should deny the request by Nasr Ali, Petroleum Investment Properties, LLC, and Calumet Fuel, Inc. (the "Nasr Ali Defendants") for leave to proceed with an interlocutory appeal because there is no appellate jurisdiction over the TRO entered below. In any event, there is no reason to grant leave to pursue a discretionary interlocutory appeal, especially where, as here, the TRO was repeatedly extended with the Nasr Ali Defendants' consent, and the TRO has not yet expired. A TRO extended by consent cannot be appealed and this case is already teed up for a prompt evidentiary hearing on the Trustee's request for a preliminary injunction. That hearing will generate a record that will permit an appeal in the normal course should the Nasr Ali Defendants elect to pursue one.[1] Moreover, the traditional standards for certifying a discretionary interlocutory appeal are not met.

Finally, the Court should deny the Nasr Ali Defendants' cursory stay request because they fail to meaningfully engage with the stay factors. The Nasr Ali Defendants say nothing concrete

---

[1] This case is also set to begin mediation on May 13, 2026 with Judge Michael Slade. It may well settle before this Court can take any meaningful action on an appeal.

1

about their supposed defenses to the Trustee's fraudulent transfer claims. As they did below, the Nasr Ali Defendants are asking for additional process, apparently for process' sake.

## I. Facts of jurisdictional consequence

The Nasr Ali Defendants' motion contains a lengthy and sometimes inaccurate recitation of the facts.[2] However, many of these facts are irrelevant to the issues before the Court. The Trustee will focus on the jurisdictionally relevant facts rather than rebutting each statement made by the Nasr Ali Defendants.

On March 12, 2026, the Court granted the TRO, with the intention of holding a later preliminary injunction hearing. (Adv. Case No. 25-168 Dkts. 72, 75, 104, 115, 117.) At the March 12, 2026 hearing, the Court stated that it was "grant[ing]" the TRO. (Mar. 12, 2026 Hr'g Tr., attached hereto as **Exhibit 2**, at 82-84.) The Trustee, Calumet Park Mobil, LLC, and Ahmad Zahdan presented the Court with documentary exhibits. The primary issue on which the parties clashed at the hearing was the availability of relief as a legal matter under *Grupo Mexicano de Desarrollo, S.A. v. Alliance Bond Fund, Inc.*, 527 U.S. 308 (1999).

After suffering an adverse ruling, on March 19, 2026, the Nasr Ali Defendants filed a motion to withdraw the reference, which was docketed in this Court under Case No. 26-cv-3086. (D.C. Case No. 26-3086 Dkt. 1.)

On March 24, 2026, the bankruptcy court entered a written order memorializing the terms of the TRO. (Adv. Case No. 25-168 Dkt. 117.)

---

[2] To take just a one particularly relevant example, in ¶ 10 the Nasr Ali Defendants assert that Calumet Park Mobil, LLC provided $11,500,000 in consideration for the Marshfield property. However, the sale documents themselves, which are attached hereto as **Exhibit 1**, expressly provide that $2 million of the purchase price was allocated to a car wash business that Nasr Ali owned, not the Debtor, and $1.5 million of the purchase price was allocated to a noncompete that did not benefit the Debtor's estate.

On March 31, 2026, the parties appeared before the bankruptcy court at a status hearing on the TRO and to set a date for the preliminary injunction hearing. The affected parties—the Trustee, the Nasr Ali Defendants, Calumet Park Mobil, LLC, and Ahmad Zahdan—agreed to extend the TRO to May 8, 2026. The Nasr Ali Defendants have contended that they somehow qualified this agreement or preserved the right to appeal the TRO after the expiration of 14 or, if Judge Cox extended it as permitted by Rule 65(b), 28 days. But that is not true. The transcript of the hearing shows that the Nasr Ali Defendants agreed without any qualification:

> MR. CYRLUK: …. We don't want a gap between the expira-
> tion of the TRO and the entry of a preliminary injunction. So
> under Rule 45, the TRO is 14 days. It can be extended another
> 14 days. And then I see, Your Honor, I think the second 14
> days would expire during a period of time when it looks like
> Your Honor is not available.
>
> So my suggestion would be for Your Honor to enter a
> preliminary injunction, but that – it is always subject to
> being revisited. We can have -- if the defendants would want
> to have it revisited, we can have expedited discovery and
> have a quick prelim -- have another hearing if they so want.
> If not, they can --
>
> THE COURT: Or extend the TRO to the 16th or 17th.
>
> ***MR. CARLSON: Your Honor, I would be in favor -- for what
> it's worth, I would be in favor of extending the TRO to the
> 15th or 16th as it stands.***
>
> As I mentioned earlier, our answer and affirmative de-
> fenses are due today.
>
> THE COURT: Are you asking for an evidentiary hearing to
> enter a preliminary injunction?
>
> MR. CARLSON: I believe so, Your Honor. There was no
> evidence. There was no testimony. There was no findings of
> fact. I think --
>
>          * * * *
>
> MR. CYRLUK: So TRO continued to the 7th?
>
> THE COURT: Okay. That's fine. We will have the hearing
> starting that morning at 10:00.

> **MR. CYRLUK: So that the order -- should we submit an order saying by agreement --**
>
> **THE COURT: Yes.**
>
> **MR. CYRLUK: -- the TRO is entered and continued to the 7th? ….**
>
> **THE COURT: Let's continue the TRO to the 8th --**
>
> MR. CYRLUK: To the 8th.
>
> THE COURT: -- and have the hearing on the 7th.
>
> MR. CYRLUK: Okay.
>
> THE COURT: I don't want some argument about it ended at 9 a.m., and we didn't finish the trial until 5:00. We don't need that.

(**Exhibit 3** at 3:18-7:24, emphasis added.) Moreover, the order entered concerning the March 31, 2026-hearing states that the TRO was extended by agreement, again without any qualification. (Adv. Case No. 25-168 Dkt. 121.)

On April 7, 2026, despite consenting to the extension of the TRO, the Nasr Ali Defendants filed the instant notice of appeal, and their motion for leave to proceed with an interlocutory appeal. (Dkt. 1, 3.)

On April 8, 2026, this Court heard the Nasr Ali Defendants' motion to withdraw the reference. (D.C. Case No. 26-3086 Dkt. 17.) The Court denied the motion. (*Id.*)

On April 16, 2026, the bankruptcy court held a status hearing. At this hearing, the parties again agreed to extend the TRO, this time to May 21, 2026. (Adv. Case No. 25-168 Dkt. 144.)

## II.      Argument

The Nasr Ali Defendants seek several forms of relief, including: (1) a recognition of jurisdiction over an appeal as of right from the TRO; (2) certification of a discretionary interlocutory appeal under 11 U.S.C. § 158(a); and (3) a stay of the TRO. The Court should deny each request.[3]

### A.      The March 12, 2026 TRO is not appealable as of right.

The Nasr Ali Defendants first argue that they may pursue an appeal as of right because the March 24 order is "in substance a preliminary injunction." (Dkt. 3 ¶ 39.) This argument assumes that the TRO in this case is in effect a preliminary injunction. It is not.

This Court's jurisdiction over appeals from the bankruptcy courts is established by 11 U.S.C. § 158. Under 11 U.S.C. § 158(a), this Court has jurisdiction to hear appeals from final judgments, certain interlocutory plan-related orders, and "with leave of the court, … other interlocutory orders and decrees." Although the Nasr Ali Defendants insinuate otherwise, it is indisputable that the TRO is not a final judgment (it expires on May 21 and there will be an evidentiary hearing on whether to enter a preliminary injunction) and has nothing to do with a plan of reorganization. Therefore, the only question is whether it is an appealable interlocutory order under 11 U.S.C. § 158(a)(3).[4]

---

[3]      The Nasr Ali Defendant include several other forms of relief in their prayer, such as an order vacating the TRO, apparently on grounds that it was wrong or final, or alternatively construing it as proposed findings of fact and conclusions of law. These are not seriously discussed in the motion and are, for the same reasons discussed in this response, clearly incorrect. The Trustee will not address them specifically.

[4]      There is a division of authority among courts regarding whether leave is required to appeal a preliminary injunction issued by a bankruptcy court or whether a dissatisfied litigation can appeal as of right under or by analogy to 28 U.S.C. § 1292. *In re Goldberg*, 16 C 6993, 2016 WL 6070364, at *3 (N.D. Ill. Oct. 17, 2016) (collecting cases). It appears the Seventh Circuit has not spoken to the issue, although the Seventh Circuit has cautioned against grafting requirements on to the plain language of Section 158(a). *In re Jartran, Inc.*, 886 F.2d 859, 866 (7th Cir. 1989); *cf. United Airlines, Inc. v. U.S. Bank N.A.*, 406 F.3d 918, 923 (7th Cir. 2005) ("The district judge dismissed both appeals, ruling that neither of the bankruptcy judge's orders is 'final' and declining to exercise jurisdiction to review the interlocutory orders."). The plain text of the statute clearly requires leave, and courts have so held. *In re Goldberg*, 2016 WL 6070364, at *3 (holding Section 158(a)(3) requires leave to appeal preliminary injunction). The Court should follow the same path and deny leave to appeal for the reasons stated elsewhere in this paper, although it is not necessary to address the issue to resolve the motion.

A TRO is not appealable. *Geneva Assur. Syndicate, Inc. v. Med. Emergency Services Associates (MESA) S.C.*, 964 F.2d 599, 600 (7th Cir. 1992). Fed. R. Bank. P. 7065 makes Fed. R. Civ. P. 65 applicable in adversary proceedings. Under Rule 65(b)(2), a TRO expires after 14 days unless the court grants a one-time extension of up to 14 days or "the adverse party consents to a longer extension." A TRO that extends past the 28-day time limit in Rule 65 can be appealed. *United Airlines*, 406 F.3d at 923; *United States v. Bd. of Educ. of City of Chicago*, 9 F.3d 1549 (7th Cir. 1993).

But that is not true if the TRO has been extended by consent. A TRO that has been extended by consent remains "a bona fide, true-blue temporary restraining order" and cannot be appealed for any reason, even if counsel mistakenly believed the order to be appealable under those conditions. *Geneva Assur. Syndicate*, 964 F.2d at 600; *accord United Airlines*, 406 F.3d at 923. Speculation about the nature of the TRO is therefore irrelevant. Counsel agreed to its extension, and that is the only jurisdictionally relevant fact until May 22.

Regardless, the Nasr Ali Defendants' argument that the TRO is in substance a preliminary injunction is wrong. A TRO can be appealed as if it were a preliminary injunction if it "carries many of the hallmarks of a preliminary injunction." *Department of Education v. California*, 604 U.S. 650, 651 (2025) (*per curiam*). These hallmarks include the occurrence of an adversary hearing before the TRO was issued, and a strong challenge to the basis for the TRO. *Illinois v. Trump*, 155 F.4th 929, 936 (7th Cir. 2025). However, in this case, the Nasr Ali Defendants' *primary complaint* appears to be that there was no adversary hearing before Judge Cox issued the TRO, a fact confirmed by the hearing transcript (attached as **Exhibit 2**) and Judge Cox's orders scheduling a full evidentiary hearing on the Trustee's request for a preliminary injunction. Needless to say, for the

6

reasons discussed at length in the Trustee's briefs below and at the hearing, there is no legal basis to question the bankruptcy court's authority to issue the TRO.

The Nasr Ali Defendants' cited authority is distinguishable. In *Department of Education v. California*, 604 U.S. 650 (2025), the Supreme Court agreed to review a TRO entered by a district court ordering the Government not to terminate educational grants because it had the practical effect of enforcing a contractual claim for money, and the Tucker Act vests exclusive jurisdiction over such claims in the Court of Claims. Likewise, in *Sampson v. Murray*, 415 U.S. 61, 86-88 (1974), a TRO was issued after an adversary hearing restraining the Government from terminating a probationary employee based on conduct during an earlier government job, a form of relief that implicates the executive branch's internal authority and that can normally be granted only by the Civil Service Commission. Here, there is nothing like these concerns.

The Nasr Ali Defendants also allude to the idea that an order with the "'practical effect' of granting or denying an injunction … should be treated as such for purposes of appellate jurisdiction." *Abbott v. Perez*, 585 U.S. 579, 594 (2018). But that is not true here. The TRO is not the practical equivalent of preliminary relief. It will expire on May 21 unless the Nasr Ali Defendants agree to extend it. And it does not grant all relief the Trustee might seek, such as directing the Nasr Ali Defendants to *escrow* the nearly $3 million frozen by paragraphs 5(a) and (b) of the TRO rather than merely freeze it and provide an accounting, or placing different or additional terms on the mortgage payments to be made by Calumet Park Mobil, LLC.

Finally, in *Carson v. Am. Brands, Inc.*, 450 U.S. 79 (1981), cited by the Nasr Ali Defendants at ¶ 48, the district court refused to enter a consent decree requiring the defendant to engage in certain hiring practices, and the Supreme Court held that the refusal had the practical effect of injunctive relief. Likewise, the cited passage in *Chicago United Industries, Ltd. v. City of Chicago*,

445 F.3d 940, 948 (7th Cir. 2006), addressed the unrelated issue of whether the 28-day time limitation for TROs that appears in Rule 65(b) applies to all TROs or only those issued without notice.[5]

### B.      There is no reason to certify a discretionary interlocutory appeal.

While 11 U.S.C. § 158(a)(3) and Fed. R. Bankr. P. 8004 give this Court discretion to hear an interlocutory appeal under certain circumstances, those circumstances are not present in this case. A court can certify an interlocutory appeal pursuant to 28 U.S.C. § 1292(b), "when (1) the 'order involves a controlling question of law'; (2) 'as to which there is substantial ground for difference of opinion'; and (3) 'an immediate appeal from the order may materially advance the ultimate termination of the litigation.'" *Prologo v. Flagstar Bank, FSB*, 471 B.R. 115, 129 (D. Md. 2012) (quoting Section 1292(b)). Rule 8004 indicates that these questions are to be considered by the district court rather than the bankruptcy court (28 U.S.C. § 1292(b) normally requires the district court to first certify the appeal).

Here, the Section 1292(b) standards are not met. There is no "substantial ground for a different of opinion" concerning the availability of the relief at issue. As the Trustee explained to the Nasr Ali Defendants below, *Grupo Mexicano de Desarrollo S.A. v. All. Bond Fund, Inc.*, 527 U.S. 308 (1999), expressly preserved the pre-revolutionary creditor's bill, through which a judgment creditor can freeze a judgment debtor's assets, whoever possesses them, pending litigation of the creditor's execution rights. 527 U.S. at 319-23. It is indisputable that the Trustee stands in the shoes of a judgment creditor (the Spyropoulos Trust) with a substantial judgment against the Debtor and alleges that the Nasr Ali Defendants are the alter egos or nominees of the Debtor. Moreover, the Seventh Circuit has expressly held that *Grupo Mexicano* does not apply to equitable

---

[5]      The citation in ¶ 48 of the Nasr Ali Defendants' motion is to "*Constructors, Inc. v. City of Chicago*, 485 F.3d 362 (7th Cir. 2007)." But that reporter citation is to a page in an unrelated Sixth Circuit opinion. *Chicago United Industries* contains the language quoted in the parenthetical, and the Trustee has therefore addressed that case.

claims. *CSC Holdings, Inc. v. Redisi*, 309 F.3d 988, 996 (7th Cir. 2002); *accord Steadfast Ins. Co., Inc. v. Auto Mktg. Network, Inc.*, 191 F.3d 457 (7th Cir. 1999) (*Grupo Mexicano* applies to an "action for money damages … **in which no lien or equitable interest is claimed**") (emphasis added). And as Judge Cox held below, the Trustee's claims in this case are not only equitable because of the relief he seeks (fraudulent transfer, return of the properties), but because he is relying on alter ego theories, which are inherently equitable. In addition, *Grupo Mexicano* indicates, and later cases have expressly held, that *Grupo Mexicano* does not apply to bankruptcy courts at all. *In re Owens Corning*, 419 F.3d 195, 209 n.14 (3d Cir. 2005); *In re Focus Media Inc.*, 387 F.3d 1077, 1084 (9th Cir. 2004); *In re EHT US1, Inc.*, No. 21-10036, 2021 WL 3828556, at *1-3 (Bankr. D. Del. Aug. 27, 2021).

Also, in *Caesars Entertainment Operating Co. v. BOKF, N.A.*, 808 F.3d 1186, 1188 (7th Cir. 2015), the Seventh Circuit read 11 U.S.C. § 105(a) to authorize nearly any injunction that preserves estate assets unless the injunction is "prohibited by another provision of the Bankruptcy Code[.]" "The question … is whether the injunction sought by [the movant] is likely to enhance the prospects for a successful resolution of the disputes attending [the] bankruptcy." *Id.* at 1188-89. If failure to issue the injunction will result in "that much less money for [the Debtor's] creditors to recover in the bankruptcy proceeding," that counsels in favor of granting it. *Id.* at 1189. Thus, *Caesars* effectively held that *Grupo Mexicano* cannot apply to this kind of order in bankruptcy court.

Finally, what the Nasr Ali Defendants seek will not materially advance the litigation. That is because there is no practical reason to grant leave to appeal. There is no benefit to addressing an appeal of the TRO *now* because even an expedited appeal of the TRO will run into the summer. Judge Cox will grant or deny a preliminary injunction long before this Court can rule on any

appeal. And any preliminary injunction order from Judge Cox will contain or at least be informed by a more detailed factual record—the absence of which the Nasr Ali Defendants complain about in their motion. Indeed, these same considerations were part of the Court's decision to deny the Nasr Ali Defendants' motion to withdraw the reference on April 8, 2026.

### C. The Court should not stay the TRO.

Lastly, the Nasr Ali Defendants half-heartedly request a stay pending appeal. But the motion contains no meaningful discussion of the stay factors. The Nasr Ali Defendants assert that they have multiple substantive defenses, but say nothing about the *details* of these defenses—or even their *broad outlines*. Judge Cox likewise noted that the Nasr Ali Defendants did not address the factual substance of these defenses or even provide a general outline of them at the TRO hearing. They simply demanded, as they do here, additional procedure, apparently for the sake of delay.

The Nasr Ali Defendants also argue that staying the TRO will preserve the status quo. It can be difficult to define the "status quo" as an abstract matter. *See Chicago United Industries, Ltd. v. City of Chicago*, 445 F.3d 940, 943-46 (7th Cir. 2006) (Posner, J.) (discussing the inherent difficulties of defining the status quo in litigation). But here, the only basis to claim that the Nasr Ali Defendants are fighting to preserve the status quo is that, because they were recipients of a fraudulent transfer and then of proceeds from the property fraudulently transferred, they were the record owners of the property. But that ignores the substantial evidence the Trustee has amassed—and that was presented at the TRO hearing and will be presented in greater detail at the upcoming preliminary injunction hearing—that the transfers were fraudulent. Indeed, Judge Cox found the facts so far adduced to be sufficiently alarming to enter the TRO.

### III. Conclusion

For the foregoing reasons, the Trustee respectfully requests that the Court deny the motion in its entirety and dismiss this appeal for lack of jurisdiction.

Dated: May 6, 2026

GUS A. PALOIAN, in his capacity as the Chapter 7 Trustee of the Debtor's Estate

By: _____/s/ *Steven C. Moeller*_____
Steven C. Moeller

Jonathan M. Cyrluk
  (cyrluk@carpenterlipps.com)
Steven C. Moeller
  (moeller@carpenterlipps.com)
CARPENTER LIPPS LLP
180 North LaSalle Street, Suite 2880
Chicago, Illinois 60601
312-777-4300 (tel)
312-777-4839 (fax)

David A. Beck
  (beck@carpenterlipps.com)
CARPENTER LIPPS LLP
280 North High Street, Suite 1300
Columbus, Ohio 43215
614-365-4100 (tel)
614-365-9145 (fax)

*Special counsel to Chapter 7 Trustee Gus A. Paloian*

11

**CERTIFICATE OF SERVICE**

      The undersigned attorney hereby certifies that on May 6, 2026, he caused a true and correct copy of the foregoing ***Response to Nasr Ali Defendants' Motion for Leave to Appeal Interlocutory Order*** to be served via the Court's CM/ECF electronic noticing system upon all registered participants in this proceeding.

                            */s/ Steven C. Moeller*
                            Steven C. Moeller
                            CARPENTER LIPPS LLP
                            180 North LaSalle Street, Suite 2880
                            Chicago, Illinois 60601
                            312-777-486 (tel)
                            312-777-4839 (fax)
                            moeller@carpenterlipps.com

                            *Special counsel to Chapter 7 Trustee Gus A. Paloian*